RE: MUNICIPAL AIRPORT AUTHORITIES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER ASKING FOR AN OFFICIAL OPINION AS TO THE DEGREE OF AUTHORITY THAT A MUNICIPAL AIRPORT AUTHORITY HAS UNDER CURRENT STATE LAW RELATIVE TO ITS INDEPENDENT ABILITY TO RECEIVE AND DISBURSE FUNDS AND TO INCUR INDEBTEDNESS WITHOUT PRIOR APPROVAL OF THE GOVERNING BODY OF THE MUNICIPALITY FOR WHICH IT SERVES. HE HAS AUTHORIZED ME TO PERSONALLY RESPOND TO YOU ON HIS BEHALF THROUGH THIS INFORMAL LETTER.
EVERY MUNICIPAL CORPORATION IN THIS STATE HAS THE LEGAL ABILITY TO ACQUIRE, OWN, OPERATE, IMPROVE AND MAINTAIN, WITHIN OR WITHOUT THE CORPORATE LIMITS OF THE MUNICIPALITY, REAL ESTATE, BUILDINGS, IMPROVEMENTS AND FACILITIES FOR AVIATION AIRPORTS AND RIGHTS-OF-WAY THEREFORE. 3 O.S. 61/3 O.S. 65.2 (1981). UNDER THE MUNICIPAL AIRPORTS ACT OF 1947, 3 O.S. 65.1, ET Q., AND SPECIFICALLY SECTION 65.7 THEREOF, THE MUNICIPALITY, IN EFFECTUATING ITS DESIRES IN THIS AREA, MAY DELEGATE ITS POWERS TO A PUBLIC OFFICER OF THE MUNICIPALITY, OR TO A MUNICIPAL BOARD. SECTION 3 O.S. 65.7 PROVIDES, IN THIS REGARD:
 "ANY AUTHORITY VESTED BY THIS ACT IN A MUNICIPALITY OR IN THE GOVERNING BODY THEREOF, FOR THE PLANNING, ESTABLISHMENT, DEVELOPMENT, CONSTRUCTION, ENLARGEMENT, IMPROVEMENT, MAINTENANCE, EQUIPMENT, OPERATION, REGULATION, PROTECTION AND POLICING OF AIRPORTS OR OTHER AIR NAVIGATION FACILITIES ESTABLISHED, OWNED OR CONTROLLED, OR TO BE ESTABLISHED, OWNED OR CONTROLLED BY THE MUNICIPALITY MAY BE VESTED BY RESOLUTION OF THE GOVERNING BODY OF THE MUNICIPALITY IN AN OFFICER OR BOARD OR OTHER MUNICIPAL AGENCY WHOSE POWERS AND DUTIES SHALL BE PRESCRIBED IN THE RESOLUTION; PROVIDED, HOWEVER, THAT THE EXPENSE OF SUCH PLANNING, ESTABLISHMENT, DEVELOPMENT, CONSTRUCTION, ENLARGEMENT, IMPROVEMENT, MAINTENANCE, EQUIPMENT, OPERATION, REGULATION, PROTECTION AND POLICING SHALL BE A RESPONSIBILITY OF THE MUNICIPALITY."
(EMPHASIS ADDED.) 3 O.S. 65.14 OF THE ACT GOES ON TO PROVIDE:
 "A MUNICIPALITY MAY ENTER INTO ANY CONTRACTS OR AGREEMENTS NECESSARY TO THE EXECUTION OF THE POWERS GRANTED IT, AND FOR THE PURPOSES PROVIDED BY THIS ACT."
THESE TWO STATUTES, READ TOGETHER, AND TAKEN IN LIGHT OF THE SEVERAL OTHER STATUTORY PROVISIONS CONTAINED IN THE ACT, SEEM TO EVIDENCE LEGISLATIVE INTENT IN TWO WAYS. FIRST, THE LEGISLATURE HAS GRANTED TO THE MUNICIPALITIES IN THE STATE VERY BROAD DISCRETION IN DETERMINING PRECISELY HOW ITS LOCAL AVIATION FACILITY IS TO BE OPERATED AND MAINTAINED. YET AT THE SAME TIME, IT HAS ALSO DECREED THAT THE MUNICIPALITIES, THEMSELVES, AT LEAST UNDER THE TERMS OF THIS ACT, SHALL REMAIN ULTIMATELY RESPONSIBLE FOR THE OPERATION AND FUNDING OF THE FACILITY.
INDEED, THE ABILITY OF MUNICIPALITIES TO TAKE STEPS TO PROVIDE FOR AN AVIATION FACILITY IS QUITE BROAD. TITLE 3 O.S. 65.2 (1981) GRANTS TO MUNICIPALITIES THE ABILITY TO FUND SUCH OPERATIONS OUT OF ANY APPROPRIATIONS OR MONIES MADE AVAILABLE FOR SUCH PURPOSE, AND MAY EFFECTUATE THEIR DESIRES BY PURCHASE, GIFT, DEVISE, LEASE, EMINENT DOMAIN PROCEEDINGS OR OTHERWISE, TO ACQUIRE NEEDED PROPERTY OR RELATED PROPERTY INTERESTS REQUIRED FOR SUCH A FACILITY. THEY MAY RAISE NEEDED REVENUES BY LOCAL TAXATION, OR BY THE ISSUING OF SEVERAL DIFFERENT TYPES OF BONDS. 3 O.S. 65.9/3 O.S. 65.10 (1981). THEY MAY ALSO APPLY FOR AND RECEIVE FEDERAL AND STATE AID FOR SUCH PURPOSES. 3 O.S. 65.13 (1981).
IT WOULD APPEAR THAT THE AUTHORITY OF ANY GOVERNMENTAL ENTITY CREATED BY A MUNICIPALITY PURSUANT TO 3 O.S. 65.7 WOULD BE LARGELY AFFECTED BY THE TENOR AND SUBSTANCE OF THE ORGANIZATIONAL RESOLUTION UPON WHICH ITS EXISTENCE IS BASED.
ACCORDINGLY, THIS OFFICE DOES NOT FEEL THAT IT CAN ISSUE A FORMAL OPINION THAT WOULD BE OF ANY GREAT DETERMINATIVE VALUE IN RESOLVING ANY GIVEN CONTROVERSY THAT MIGHT ARISE IN THIS AREA. SUCH A DETERMINATION WOULD ALMOST CERTAINLY REQUIRE AN EXAMINATION OF THE SPECIFIC DOCUMENTS INVOLVED, AND SUCH A FACTUAL DETERMINATION AND REVIEW BY THIS OFFICE IS PROHIBITED BY CURRENT STATE LAW, THESE MATTERS BEING DECLARED BY THE LEGISLATURE TO BE RIGHTLY WITHIN THE PROVINCE OF THE DISTRICT COURTS OF THE STATE. I AM GENERALLY AWARE THAT THERE IS A MATTER IN YOUR JURISDICTION THAT APPEARS TO BE REVOLVING AROUND THE TYPES OF QUESTIONS YOU RAISE, AND SINCERELY WISH THAT THIS OFFICE COULD BE OF MORE ASSISTANCE IN ATTEMPTING TO RESOLVE THE ISSUES AT HAND.
HOWEVER, IT IS THE OPINION OF THIS OFFICE THAT ANY FORMAL ADVICE TENDERED WOULD HAVE TO BE SO CONDITIONAL IN PRESENTATION, DUE TO THE NEED FOR A FACTUAL REVIEW OF THE CIRCUMSTANCES AT HAND, THAT ANY GENERAL STATEMENTS OF LA THAT WE MIGHT ATTEMPT TO PRESENT COULD SERVE ONLY TO CONFUSE THE MATER. INDEED, IT MIGHT EVEN BE NECESSARY TO REVIEW THE PAST CONDUCT OF THE PARTIES IN QUESTION AS TO THESE ISSUES BEFORE ANY RESOLUTION COULD BE REACHED OF YOUR QUESTIONS. ACCORDINGLY, THE ATTORNEY GENERAL HAS DETERMINED THAT THIS OFFICE CANNOT ISSUE A FORMAL OPINION IN RESPONSE TO YOUR INQUIRIES.
IF YOU HAVE ANY QUESTIONS ABOUT THIS LETTER, OR THE REASONS UNDERLYING OUR DECLINATION TO ISSUE A FORMAL OPINION, PLEASE FEEL FREE TO CALL ME AT YOUR CONVENIENCE.
(MICHAEL SCOTT FERN)